IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SAMMY PERRY, | : | CIVIL ACTION |
|     Plaintiff | : | |
| | : | |
| v. | : | NO. 09-5645 |
| | : | |
| REDNER'S MARKET, INC., | : | |
|     Defendant | : | |

**M E M O R A N D U M**

**STENGEL, J.**                                                                                                            June 21, 2010

Sammy Perry brings this suit against Redner's Market, his former employer, alleging employment discrimination, false arrest, and malicious prosecution. Redner's Market moves for the dismissal of the latter two counts pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] For the following reasons, I will deny the motion in its entirety.

**I. BACKGROUND**[2]

Sammy Perry is an African American who was employed by Redner's Market at its Lansdale location working the third shift as a grocery clerk since July 2003. See Compl.

---

[1] The statute of limitations in Pennsylvania for claims of false arrest and malicious prosecution is two years. See 42 PA. CONS. STAT. ANN. § 5524(1). This two-year limitation begins to run from the time the plaintiff suffers, or has reason to know of, the injury. Rose v. Bartle, 871 F.2d 331, 350 (3d Cir. 1989). Mr. Perry filed these claims on November 25, 2009, over three years after the injury, i.e., his allegedly false arrest. Redner's Market failed to challenge this untimeliness. Accordingly, because this statute of limitations is an affirmative defense and not jurisdictional in nature, I will address these claims on their merits.

[2] The facts are gleaned from the complaint and the extrinsic documents upon which it is based. See GSC Partners, CDO Fund v. Washington, 368 F.3d 228, 236 (3d Cir. 2004). For the purposes of this motion, they are presented in the light most favorable to the plaintiff, as the non-moving party, and are accepted as true with all reasonable inferences drawn in his favor.

¶ 12. Mr. Perry alleges that his hours were reduced in June 2004 due to racial discrimination. Id. ¶¶ 13-14. He complained to his supervisors, his managers, and to the defendant's corporate office about the discrimination. Id. ¶ 15. His hours continued to be reduced and in November 2004, Mr. Perry filed a complaint with the Pennsylvania Human Relations Commission which began to investigate his claim. Id. ¶¶ 16-17. The complaint indicates only that a final determination was issued on September 15, 2006. Id. ¶ 18.

The complaint also alleges that on September 14, 2006, Detective Ward Thomas of the Montgomery Township Police Department contacted Defendant Redner's Market Security Division, informing it that a woman reported losing her credit card at the Lansdale store about a week earlier, and that three unauthorized charges were made the following day. See Compl. ¶¶ 19, 20. Mr. Cory Deily of Redner's Security Division emailed pictures from its videotape surveillance cameras to the store managers. Id. ¶ 21. Manager Brian Golden of the Lansdale store notified Mr. Deily that it was Mr. Perry depicted in the pictures. Id. Mr. Deily, in turn, passed this identification on to Detective Thomas who prepared the police criminal complaint and affidavit of probable cause charging Mr. Perry with various criminal offenses. Id. ¶¶ 21(a),[3] 22. After handcuffing Mr. Perry, arresting him at the store in front of his co-workers, bringing him to the police

---

[3] The complaint contains two separate paragraphs numbered "21." Accordingly, I will refer to the second of the two as ¶ 21(a).

station, and charging him with three counts each of Identity Theft; Theft of Property; Theft By Deception; Receiving Stolen Property; and Possession of Instruments of Crime, Detective Thomas reviewed the videotape provided by the defendant. Id. ¶¶ 23-25. The detective then determined that he was "looking at another employee" rather than Mr. Perry. Id. ¶¶ 24, 25, 26.

Around the same period of time, the defendant's security division had been investigating Liana Elam, another Redner's Market employee, as having been involved in a theft of $50. Id. ¶ 27. When Miss Elam was asked about the stolen credit card, she admitted to having found it and used it with her roommate on three occasions. Id. ¶¶ 28-29. Miss Elam was terminated, arrested, and subsequently entered guilty pleas for the unauthorized uses of the card. Id. ¶ 31. She told the police that Mr. Perry was not involved with the theft in any way. Id. ¶ 32. The police withdrew the charges against Mr. Perry. Id. ¶ 33. Notwithstanding the withdrawal of the charges, the defendant terminated Mr. Perry's employment and continues to claim that Mr. Perry was responsible for using the credit card without authorization. Id. ¶ 34.

During an interview with the Pennsylvania Human Relations Commission related to Mr. Perry's complaint, Miss Elam informed the investigator that the defendant's supervisors and managers pressured her to say that Mr. Perry was involved in the unauthorized credit card transactions, even though he was not. Id. ¶ 30.

## II. STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure asks the court to examine the legal sufficiency of the complaint. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The factual allegations of the complaint must be sufficient to make the claim for relief more than just speculative. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). In determining whether to grant a motion to dismiss, a federal court must construe the complaint liberally, accept all factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. Id.; see also D.P. Enters. v. Bucks County Cmty. Coll., 725 F.2d 943, 944 (3d Cir. 1984).

The Federal Rules of Civil Procedure do not require a plaintiff to plead in detail all of the facts upon which he bases his claim. Conley, 355 U.S. at 47. Rather, the Rules require a "short and plain statement" of the claim that will give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. Id. The "complaint must allege facts suggestive of [the proscribed] conduct." Twombly, 550 U.S. at 564. Neither "bald assertions" nor "vague and conclusory allegations" are accepted as true. See Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997); Sterling v. Southeastern Pennsylvania Transp. Auth., 897 F. Supp. 893 (E.D. Pa. 1995). The claim must contain enough factual matters to suggest the required elements of the claim or to "raise a reasonable expectation that discovery will reveal evidence of" those elements. Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Twombly, 550 U.S. at

556).

## III. DISCUSSION

### A. Malicious Prosecution

The defendant argues that the plaintiff's claim for malicious prosecution must be dismissed because: (1) the defendant did not initiate criminal proceedings against the plaintiff; and (2) the defendant had probable cause to communicate its suspicion of the plaintiff's guilt to the police.

The law in Pennsylvania on malicious prosecution is based on the Restatement (Second) of Torts. Section 653 of the Restatement provides:

> A private person who initiates or procures the institution of criminal proceedings against another who is not guilty of the offense charged is subject to liability for malicious prosecution if (a) he initiates or procures the proceedings without probable cause and primarily for a purpose other than that of bringing an offender to justice, and (b) the proceedings have terminated in favor of the accused.

In order to prevail on this claim, therefore, Mr. Perry will have to show that the defendant initiated or procured the institution of criminal proceedings against him: (1) without probable cause; (2) with malice; and (3) the proceedings must have terminated in favor of the plaintiff.[4] Griffiths v. Cigna Corp., 988 F.2d 457, 463 (3d Cir. 1993) (citing Kelley v. General Teamsters, Chauffeurs, and Helpers, Local 249, 544 A.2d 940, 941 (Pa.

---

[4] Because all charges were withdrawn against him, Mr. Perry has satisfied the third element without further discussion.

5

1988)). Probable cause in the context of the tort of malicious prosecution does not require proof beyond a reasonable doubt, but rather, is defined as a reasonable ground of suspicion supported by circumstances sufficient to warrant an ordinary prudent man in the same situation in believing that a party is guilty of the offense. Cosmas v. Bloomingdales Bros, Inc., et al., 660 A.2d 83, 86 (Pa. Super. 1995). A showing of probable cause to institute proceedings against a plaintiff establishes an absolute defense against an action for malicious prosecution, which renders immaterial the issue of whether the defendant's motive is malicious or otherwise. Bruch v. Clark, 507 A.2d 854, 857 (Pa. Super. 1986). Malice has been stated to include ill-will in the sense of spite, the use of a prosecution for an extraneous, improper purpose, or the reckless and oppressive disregard of the plaintiff's rights. Lee v. Mihalich, 847 F.2d 66, 70 (3d Cir. 1988). Malice may be inferred from the absence of probable cause. Kelley v. General Teamsters, 544 A.2d at 941. However, before a court determines whether the plaintiff has demonstrated the absence of probable cause and the presence of malice, it is appropriate for it to address the more fundamental question of whether the defendant either directly instituted the proceedings against the plaintiff or can be charged with the responsibility for the institution of the proceedings. Griffiths, 988 F.2d at 464.

Pennsylvania courts have considered a defendant's responsibility for the "initiation of proceedings" element of malicious prosecution by referring to Comment "g" of Section 653 of the Restatement (Second) of Torts which provides, in pertinent part:

> **Influencing a public prosecutor**. . . . When a private person gives to a prosecuting officer information that he believes to be true, and the officer in the exercise of his uncontrolled discretion initiates criminal proceedings based upon that information, the informer is not liable under the rule stated in this Section even though the information proves to be false and his belief was one that a reasonable man would not entertain. The exercise of the officer's discretion makes the initiation of the prosecution his own and protects from liability the person whose information or accusation has led the officer to initiate the proceedings.
>
> If, however, *the information is known by the giver to be false*, an intelligent exercise of the officer's discretion becomes impossible, and a prosecution based upon it is procured by the person giving the false information. *In order to charge a private person with responsibility for the initiation of proceedings by a public official, it must therefore appear that his desire to have the proceedings initiated, expressed by direction, request or pressure of any kind, was the determining factor in the official's decision to commence the prosecution, or that the information furnished by him upon which the official acted was known to be false*. (Emphasis added).

The defendant insists that it cannot be liable for malicious prosecution because it did not initiate the criminal proceedings against Mr. Perry, but "instead simply responded to law enforcement inquiry and provided information to the Police Department in order to assist the Police Department with its investigation." See Def.'s Br. at 7. The defendant further insists that the fact that it did not pick "up the phone," "call an uninterested police force" and allege that Mr. Perry made unauthorized charges, is fatal to Mr. Perry's claim for malicious prosecution. Id. While the defendant is correct that the police had already initiated the investigation of the unauthorized uses of the lost credit card, it was the

7

defendant who was responsible for the institution of criminal proceedings against Mr. Perry in particular. It is Mr. Perry's position that the defendant misidentified him to the police deliberately in retaliation for his complaints to the Pennsylvania Human Relations Commission. See Compl. ¶¶ 51, 58, 59, 60; see also Pl.'s Br. at 7. This set of allegations is sufficient to satisfy the initial element for a claim for malicious prosecution as described in Comment "g."

It is premature, however, at this stage of the proceedings to determine whether the plaintiff has demonstrated the absence of probable cause and the presence of malice. The existence of probable cause is usually a question of law for the court to decide, but the issue may be submitted to the jury when the facts material to the issue of probable cause are in controversy. Kelley v. General Teamsters, 544 A.2d at 941. Here, the motivation of the defendant in providing the police with the identification of Mr. Perry remains in question. Both sides depict an account which differs significantly.

Mr. Perry insists that the agents of the defendant deliberately lied to the police in retaliation for his complaints of employment discrimination based on race. His allegation of a deliberate misidentification is further supported by the allegation that Miss Elam, the co-worker who ultimately pled guilty to the unauthorized uses of the lost credit card, told the investigator at the PHRC that both Mr. Deily and Mr. Golden pressured her to lie to the police and falsely implicate Mr. Perry in the crimes. See Compl. ¶ 30.

On the other hand, the defendant claims that it innocently provided to the police

8

the identity of a person in a set of photographs in a good faith attempt to satisfy its civic duty.  It argues that its managers observed whom they determined was Mr. Perry in the vicinity of a cash register where and when a criminal act occurred, and simply reported Mr. Perry as a suspect to the police.  It insists that it may have been wrong, but if a mistake was made it was a reasonable one under the circumstances.

Whether probable cause and/or malice existed will depend upon which account will be credited by the fact-finder.  At this stage in the proceedings, however, our pleading standard requires Mr. Perry to state a claim for which relief might be granted, not to prove his case entirely.  Count IV contains enough factual matters to suggest the required elements of the claim of malicious prosecution, and it further raises "a reasonable expectation that discovery will reveal evidence of" those elements.  Phillips v. County of Allegheny, 515 F.3d at 234 (quoting Twombly, 550 U.S. at 556).  Mr. Perry has sufficiently pled that the defendant was responsible for the institution of criminal proceedings against him without probable cause, and that it did so with malice.  Kelley v. General Teamsters, Chauffeurs, and Helpers, Local 249, 544 A.2d at 941.  Upon the completion of discovery, a more comprehensive analysis of this claim will be possible. Accepting the allegations in the complaint as true and drawing all inferences in Mr. Perry's favor, I find that Mr. Perry has successfully stated a claim for which relief might be granted, and that he is entitled to offer evidence to support his claim for malicious prosecution.  Maio v. Aetna, Inc., 221 F.3d 472, 482 (3d Cir. 2000) (quoting Scheuer v.

9

Rhodes, 416 U.S. 232, 236 (1974)). I will deny the motion to dismiss as to this count.

**B. False Arrest**

The defendant also seeks the dismissal of the plaintiff's claim of false arrest, arguing that the plaintiff has failed to allege sufficient facts to support a false arrest claim because his arrest was legal.

An arrest is the taking of another person into custody under an assertion of legal authority to do so and for the purpose of bringing that person before a court or otherwise securing the administration of law. See Restatement (Second) of Torts, § 112. False arrest or false imprisonment occurs under Pennsylvania law[5] where a person has been (1) arrested or restrained (2) without adequate legal justification. Doby v. Decrescenzo, 1996 U.S. Dist. LEXIS 13175, *37-38 (E.D. Pa. Sept. 9, 1996) (citing Gilbert v. Feld, 788 F. Supp. 854, 862 (E.D. Pa. 1992)); see also McGriff v. Vidovich, 699 A.2d 797, 799 n.3 (Pa. Commw. 1997) (false arrest is an arrest made without probable cause or an arrest made by a person without privilege to do so). An action for false arrest requires that the process used for the arrest be void on its face or that the issuing tribunal be without jurisdiction. La Frankie v. Miklich, 618 A.2d 1145, 1148 n.2 (Pa. Commw. 1992)

---

[5] The Subcommittee Note associated with Pennsylvania's Suggested Standard Civil Jury Instruction § 13.04 explains that where an arrest is illegal or false, "a cause of action for false imprisonment arises. The 'false arrest' constitutes nothing more than the essential elements, i.e., the confinement and the illegality of the confinement, of the action for false imprisonment." False arrest requires an arrest made without probable cause, while false imprisonment requires an unlawful detention of another person. Brockington v. City of Philadelphia, 354 F.Supp.2d 563, 572, n.10 (E.D. Pa. 2005). However, "false arrest and false imprisonment are nearly identical claims and are generally analyzed together." Id. at 571, n. 8.

(quoting Lynch v. Johnston, 463 A.2d 87 (Pa. Commw. 1983)). It is not sufficient that the charges were unjustified. Id. Nevertheless, a private individual can be held liable for false arrest and/or false imprisonment, where he knowingly provides false information to authorities and where the arrest and/or imprisonment results from this information. Doby, 1996 U.S. Dist. LEXIS 13175, at *13.

Here, it is undisputed that Mr. Perry was arrested. It is also undisputed that Detective Thomas was a police officer authorized to make that arrest. Detective Thomas prepared a police criminal complaint and affidavit of probable cause with the information provided by the defendant. As explained above, it is yet impossible to determine unequivocally whether the information provided was intentionally false. Count III contains enough factual matters, however, to suggest the required elements of the claim of false arrest, and it further raises "a reasonable expectation that discovery will reveal evidence of" those elements. Phillips v. County of Allegheny, 515 F.3d at 234 (quoting Twombly, 550 U.S. at 556). Mr. Perry has sufficiently pled that he was arrested without legal justification. Kelley v. General Teamsters, Chauffeurs, and Helpers, Local 249, 544 A.2d at 941. Upon the completion of discovery, a more comprehensive analysis of this claim will be possible. Accepting the allegations in the complaint as true and drawing all inferences in Mr. Perry's favor, I find that Mr. Perry has successfully stated a claim for which relief might be granted, and that he is entitled to offer evidence to support his claim for false arrest. Maio v. Aetna, Inc., 221 F.3d 472, 482 (3d Cir. 2000) (quoting Scheuer

v. Rhodes, 416 U.S. 232, 236 (1974)).  I will also deny the motion to dismiss as to this count.

       An appropriate Order follows.